1  STEELE LLP
   John C. Steele, State Bar No. 179875
2  Tanya C. McCullah, State Bar No. 279614
   17272 Red Hill Avenue
3  Irvine, California 92614
   Telephone: 949.222.1161
4  Fax:  949.221.9500
   Email:  jsteele@steelellp.com; tmccullah@steelellp.com
5

6
   Attorneys for Defendant
7  MTC FINANCIAL INC. dba TRUSTEE CORPS

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 | LINO ALPHONSO AND | Case No.: 3:23-cv-01488-JSC
   | ANGELINA A. GUIEB-ALPHONSO, |
13 | | [Superior Court of the State of California
   | | Contra Costa County, Case No. C23-00602]
14 | Plaintiffs, |

15 | v. | **DEFENDANT MTC FINANCIAL INC.
   | | dba TRUSTEE CORPS' NOTICE OF
16 | REAL TIME RESOLUTIONS, INC.; | MOTION AND *JOINDER* IN MOTION
   | RRA CP OPPORTUNITY TRUST 2; | TO DISMISS FOR FAILURE TO STATE
17 | MTC FINANCIAL INC. dba | A CLAIM**
   | TRUSTEE CORPS; and DOES 1-20,
18 | inclusive, | **[Rule 12(B)(6)]**

19 | Defendants. |
20 | | Hearing Date: June 1, 2023
21 | | Hearing Time: 10:00 A.M.
22 | | Assigned to Hon. Jaqueline Scott Corley
23 | | Ctrm: 8 – 19th Floor

24

25     **TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR**

26 **ATTORNEYS OF RECORD HEREIN**:

27     **PLEASE TAKE NOTICE** that on June 1, 2023, at 10:00 a.m., or as soon

28



DEFENDANT MTC FINANCIAL INC.'S NOTICE OF MOTION
AND JOINDER TO MOTION TO DISMISS
1

1 thereafter as the matter may be heard in Courtroom 8 the above-entitled Court, located
2 at 450 Golden Gate Avenue, San Francisco, California 94102, defendant MTC
3 Financial, Inc. dba Trustee Corps ("Trustee Corps" or "Defendant") will, and hereby
4 does, join in the Motion to Dismiss filed by co-defendants Real Time Resolutions, Inc.
5 and RRA CP Opportunity Trust 2.
6     This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) on
7 the ground that the entire Complaint and each purported cause of action asserted therein
8 fails to state a claim upon which relief can be granted against Defendant.
9     This Motion is based on this Notice of Motion and Motion, the Motion to
10 Dismiss brought by defendants Real Time Resolutions, Inc. and RRA CP Opportunity
11 Trust 2 (Dkt. 16), the additional documents submitted therewith, the pleadings, papers
12 and records on file in this action, and such oral argument as may be presented at the
13 time of the hearing. This Motion seeks dismissal of Plaintiffs' Complaint in its entirety
14 and with prejudice.

16 Date:   April 27, 2023                **STEELE LLP**

19                          John C. Steele
                         Attorneys for Defendant
20                          MTC Financial Inc. dba Trustee Corps



DEFENDANT MTC FINANCIAL INC.'S NOTICE OF MOTION
AND JOINDER TO MOTION TO DISMISS
2

# MEMORANDUM OF POINTS AND AUTHORTIES

## I. DEFENDAND MTC FINANCIAL INC. DBA TRUSTEE CORPS JOINS IN THE MOTION TO DISMISS FILED BY DEFENDANTS REAL TIME RESOLUTIONS, INC. AND RRA CP OPPORTUNITY TRUST 2

Defendant MTC Financial, Inc. dba Trustee Corps ("Trustee Corps" or "Defendant") hereby joins in and adopts the positions, arguments and authorities set forth in the Motion to Dismiss brought by co-defendants Real Time Resolutions, Inc. ("RTR") and RRA CP Opportunity Trust 2 ("RRA") (Dkt. 16) as if set forth here in their entirety. As explained fully in RTR and RRA's Motion and Memorandum of Points and Authorities, Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed. Fed. R. Civ. Proc. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The arguments and authorities asserted in co-defendants Motion to Dismiss apply equally to Trustee Corps.

Further, any allegations against Trustee Corps, the mere foreclosure trustee, are barred by the applicable trustee privilege.

## II. PLAINTIFFS' CLAIMS AGAINT TRUSTEE CORPS ARE ALSO BARRED BY THE TRUSTEE PRIVILEGE

Any claim by Plaintiffs against Trustee Corps is also barred by the trustee privilege. The law is clear that the "trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather, a common agent for the trustor and beneficiary. The trustee's duties 'are twofold: (1) to 'reconvey' the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon trustor's default, resulting in a sale of the property." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1145 (N.D. Cal. 2013) (citing *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (Cal. App. 2d Dist. 2008)). "No other common law duties exist." *Kachlon*, 168 Cal. App. 4th at 335.

Under California Civil Code section 2924(d), a trustee's actions in carrying out a nonjudicial foreclosure are privileged under California Civil Code section 47. Specifically, Civil Code section 2924(d) states that "[t]he mailing, publication, and delivery of notices as required by this section," and the "[p]erformance of all procedures set forth in this article" constitute privileged communications within Civil Code section 47. Cal. *See* Civ. Code § 2924(d); Cal. Civ. Code § 47. Therefore, under the plain language of section 2924(d), the entire foreclosure process through and including the sale, is privileged under section 47.

Civil Code section 47 designates certain actions and communications "privileged" and non-actionable. *See* Cal. Civ. Code § 47. Section 47 creates two types of privileges. First, it creates an absolute litigation privilege under subsection (b)(3). Cal. Civ. Code § 47(b)(3). Second, it creates a qualified privilege under subsection (c)(3) that applies to communications made without malice. Cal. Civ. Code § 47(c)(3); *see Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 335–36 (Cal. App. 2d Dist. 2008).

As part of the privilege, California law affords nonjudicial foreclosure trustees' immunity from liability resulting from any errors caused by their "reliance on information provided in good faith by the beneficiary" unless either (1) those actions are taken with "actual malice" or (2) those actions are taken outside the scope of the duties of a nonjudicial foreclosure trustee. Cal. Civ. Code § 2924(b); *Rockridge Trust*, 985 F. Supp. 2d at 1158.

A.   **The Absolute Privilege**

Courts apply the absolute litigation privilege created by Civil Code section 47(b)(3) broadly to immunize defendants from tort liability for all torts except malicious prosecution. *See Silberg v. Anderson*, 50 Cal.3d 205 (Cal. 1990); *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1242 (Cal. 2007) (the absolute litigation privilege "immunize[s] defendants from tort liability based on theories of abuse of

process, intentional infliction of emotional distress, intentional inducement of breach of contract, intentional interference with prospective economic advantage, negligent misrepresentation, invasion of privacy, negligence and fraud.").

### B. The Qualified Privilege

The "qualified privilege" created by Civil Code section 47(c) also precludes Plaintiff's claims. The only exclusions to the protection of the qualified privilege are (1) actions taken with actual malice and (2) actions taken outside the scope of the duties of a nonjudicial foreclosure trustee. Cal. Civ. Code § 2924(b); *Rockridge Trust*, 985 F. Supp. 2d at 1158. To plead actual malice, a plaintiff must plead facts demonstrating "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for *belief in the truth of the publication . . . .*" *Kachlon*, 168 Cal. App. 4th at 336 (emphasis added); *Rockridge Trust*, 985 F. Supp. 2d at 1158.

### C. Plaintiffs' Claims Against Trustee Corps Fail No Matter Which Privilege Applies

This Court does not need to resolve which level of privilege applies to Trustee Corps in this case because Plaintiffs' claims fail no matter which privilege applies—absolute *or* qualified.

If the absolute privilege applies, there is no liability. Period. *See, e.g.*, *Rodriguez v. JP Morgan Chase & Co*, 809 F.Supp.2d 1291, 1295 ( S.D. Cal 2015), ("[p]ursuant to section 47 and 2924(d), **MTC has absolute immunity as a foreclosure trustee for certain actions it took related to the foreclosure process, including its issuance of the Notice of Default**. Thus, to the extent Plaintiff is seeking to hold MTC liable for issuing the Notice of Default, MTC is immune from suit.") (emphasis added); *Namvar v. Credit Suisse First Boston Mortgage Securities Corp.*, 2016 WL 11000052 (C.D. California) ("Pursuant to section 47 and 2924(d), **Barrett has absolute immunity as a foreclosure

**trustee for certain actions it took related to the foreclosure process, including its issuance of the Notice of Default.** Thus, to the extent Plaintiff is seeking to hold Barrett liable for issuing the Notice of Default, Barrett is immune from suit."); *Cisneros v. Instant Capital Funding Group, Inc.*, 263 F.R.D. 595, 610 (E.D. Cal. 2009) ("The section 2924(d) privilege extended through California Civil Code section 47 applies to tort claims other than malicious prosecution . . .. Trustee Corps' alleged wrongs are subject to section 2924(d) immunity."); *Garretson v. Post*, 156 Cal.App.4th 1508 (2007) (legislature extended absolute litigation privilege to nonjudicial foreclosures to protect trustees performing their contractual/statutory duties).

If the qualified privilege applies, the Complaint still fails because Plaintiffs have not, and cannot, allege facts demonstrating "actual malice" on the part of Trustee Corps. Indeed, there are no factual allegations demonstrating that Trustee Corps' actions in recording the foreclosure documents was "motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for *belief in the truth of the publication*" within the meaning of "actual malice" under *Kachlon*. Indeed, Plaintiffs' Complaint is devoid of any allegations against Trustee Corps, and the only actions taken by Trustee Corps with respect to Plaintiffs and the Subject Loan were the recordation of a Notice of Default and Notice of Trustee's Sale at the request of defendants RTR and RRA. Indeed, pursuant to Civil Code section 2924(d), Trustee Corps was entitled to rely on representations from RTR that the loan was in default. Section 2924(b) expressly provides that:

> "In performing acts required by this article, **the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default** under the secured obligation, deed of trust, or mortgage."

(Id.) (emphasis added).

Further, to the extent that Plaintiffs imply that Trustee Corps had a duty to



MEMORANDUM OF POINTS AND AUTHORITIES
6

investigate whether the loan was in default before recording the foreclosure notices, no such duty exists. Instead, the law is clear that a foreclosure trustee, such as Trustee Corps, has no duty to inquire as to the beneficiary's compliance with contractual provision giving it the right to foreclose. *See Fonteno v. Wells Fargo Bank, N.A.,* 228 Cal. App.4th 1358 (2014).  Likewise, Trustee Corps has no duty to investigate the status of the underlying debt.  *See Fleisher v. Continental Auxiliary Co.*, 215 Cal.App.2d 136, 138-140 (1963) ('the case authority in California does not support the imposition of any further duty on the trustee, such as to make inquiry as to the status of the underlying debt before making a reconveyance."); *see also Citrus El Dorado, LLC v. Chicago Title Co.*, 32 Cal.App.5th 943, 949 (2019) (foreclosure trustee has no duty to verify that the beneficiary has received a valid assignment of the loan or to verify the authority of the person who signed the substitution of trustee and no liability for its failure to do so).

In summary, Plaintiffs' claims against Trustee Corps fail no matter which privilege applies. All of Plaintiffs' claims against Trustee Corps arise solely from its role in the foreclosure process. As such, Plaintiffs' claims fall squarely within the trustee privilege granted by Civil Code section 2924(d) and section 47. Trustee Corps' performance of its duties as a nonjudicial foreclosure trustee are protected by both the absolute and qualified privilege.

### III.   CONCLUSION

For the reasons set forth above and in RTR and RRA's Motion, Trustee Corps respectfully requests that this Court grant its Motion and dismiss the Complaint as to Trustee Corps *with* prejudice.

DATED:  April 27, 2023                              STEELE LLP

By: _____
John C. Steele
Attorneys for Defendant
MTC Financial Inc. dba Trustee Corps

