Brian J. Wagner (SBN 239981)
Jennifer L. Andrews (SBN 222807)
brian.wagner@kutakrock.com
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, California  92614-8595
Telephone:  (949) 417-0999
Facsimile:   (949) 417-5394

Attorneys for Defendants,
REAL TIME RESOLUTIONS, INC. and RRA CP
OPPORTUNITY TRUST 2

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO ALPHONSO AND ANGELINA A. GUIEB-ALPHONSO,<br><br>Plaintiffs,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC.; RRA CP OPPORTUNITY TRUST 2; MTC FINANCIAL INC. dba TRUSTEE CORPS; and DOES 1-20,<br><br>Defendants. | Case No. 3:23-cv-01488-JSC<br><br>[Superior Court of the State of California Contra Costa County, Case No. C23-00602]<br><br>Assigned to District Court Judge: Hon. Jacqueline Scott Corley<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Federal Rule of Civil Procedure 12(b)(6)]<br><br>DATE:   August 24, 2023<br>TIME:    10:00 A.M.<br>CTRM:   8 - 19th Floor |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **August 24, 2023**, at **10:00 a.m.**, or as soon thereafter as the matter may be heard in **Courtroom 8**, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Real Time Resolutions, Inc. and RRA CP Opportunity Trust 2 ("Defendants"), will and hereby do move this Court to dismiss the First Amended Complaint against them in this case.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 1 -          CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the ground that the entire First Amended Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against Defendants.  Specifically:

1.     Defendants move to dismiss Plaintiffs' First Amended Complaint, and each claim contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted.

2.     Defendants move to dismiss Plaintiffs' First Claim for "Violation 12 C.F.R.§ 1026.41," on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) this cause of action is time barred, and B) Plaintiffs' do not allege a particular injury.

3.     Defendants move to dismiss Plaintiffs' Second Claim for "Breach of the Covenant of Good Faith and Fair Dealing," on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs may not base an implied covenant claim on the contention that Defendants violated a statutory obligation, B) Plaintiffs fail to implicate any contractual provision or covenant which was violated, and C) Plaintiffs may not base an attack on the foreclosure proceeding on an alleged violation of an implied covenant.

4.     Defendants move to dismiss Plaintiffs' Third Claim for "Violation of Business and Professions Code § 17200, et seq.," on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) this claim fails on the face of the FAC under the "unlawful" prong, B) this claim fails on the face of the FAC under the "fraudulent" prong, C) this claim fails on the face of the FAC under the "unfair" prong.

5.     Defendants move to dismiss Plaintiffs' Fourth Claim for "Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788.30, et seq." on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) this claim is time barred to the extent based on conduct in 2018, and B) Plaintiffs fail to identify any violative conduct.

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -                CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

1       This Motion is based on this Notice of Motion, the attached Memorandum of Points and

2  Authorities, the pleadings and records on file herein, and upon such oral and documentary evidence

3  as may be presented by the parties at the hearing.

4

5  Dated:  July 6, 2023          KUTAK ROCK LLP

6

7            By:   */s/ Brian J. Wagner*
                Brian J. Wagner

8                  Attorney for Defendants
                REAL TIME RESOLUTIONS, INC. and

9                  RRA CP OPPORTUNITY TRUST 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -        CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ............................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

III. PROCEDURAL BACKGROUND ................................................................................ 3

IV. ARGUMENT: THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......4

    A.    Plaintiffs' First Claim for a Violation of 12 C.F.R. § 1026.41 Fails to State a Claim ...................................................................................................................... 5

        (i) Plaintiff's Claim for a Violation of 12 C.F.R. § 1026.41 Fails Because is Time Barred ............................................................................................................ 5

        (ii) Plaintiffs' Claim for a Violation of 12 C.F.R. § 1026.41 Fails Because They Do Not Allege a Particular Injury ........................................................... 7

    B.    Plaintiffs' Second Claim for a Breach of the Covenant of Good Faith and Fair Dealing Fails to State a Claim .......................................................................... 8

    C.    Plaintiffs' Third Claim for a Violation of Business and Professions Code § 17200 et seq. Fails to State a Claim ......................................................................... 9

        (i) This Claim Fails on the Face of the FAC Under the "Unlawful" Prong........... 9

        (ii) This Claim Fails on the Face of the FAC Under the "Fraudulent" Prong........ 11

        (iii) This Claim Fails on the Face of the FAC Under the "Unfair" Prong.............. 12

    D.    Plaintiff's Fourth Claim for a Violation of the RFDCPA Fails to State a Claim ...................................................................................................................... 12

        (i) This Claim is Time Barred to the Extent Based on Conduct in 2018 .............. 12

        (ii) Plaintiffs Fail to State Facts of a Violation of Any Portion of the RFDCPA... 13

V. CONCLUSION ............................................................................................................... 14

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

*Anderson v. Heart Federal Savings and Loan Assn.*,
   208 Cal.App.3d 202 (1989)...................................................................................... 5

6

7

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ........................................................................................... 13

8

*Ballistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990)................................................................................... 5

9

10

*Bardin v. Daimler Chrysler Corporation*
   (2006) 136 Cal.App.4th 1255 ............................................................................... 11

11

12

*Beliveau v. Caras*,
   873 F. Supp. 1393 (C.D. Cal. 1995) ....................................................................... 5

13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... 5

14

15

*Brotemarkle v. Snyder*,
   99 Cal.App.2d 388 (1950)....................................................................................... 5

16

*Brown v. Southern Calif. Edison Co.*,
   12 Cal.App. 102 (1932)........................................................................................... 5

17

18

*Butler v. Stratton*,
   95 Cal.App.2d 23 (1949)......................................................................................... 6

19

20

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal.4th 163 (1999) ........................................................................................... 10

21

22

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011)................................................................................. 7

23

*Chabner v. United of Omaha Life Ins. Co.*,
   225 F.3d 1042 (9th Cir. 2000)............................................................................... 10

24

25

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*
   (2001) 24 Cal.4th 800 ............................................................................................. 9

26

27

*Davidson v. PNC Bank, N.A.*,
   2016 WL 7179371 (S.D. Ind. Dec. 9, 2016).......................................................... 7

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- ii -                                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

*Durell v. Sharp Healthcare*,
    183 Cal.App.4th 1350 (2010) ................................................................................. 12

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................................... 11

*Gutierrez v. Mofid*,
    39 Cal.3d 892 (1985) .............................................................................................. 7

*Ines v. Countrywide Home Loans*,
    2008 WL 4791863 (S.D. Cal. Nov. 3, 2008) ......................................................... 13

*Irving v. Lennar Corp.*,
    2013 WL 1308712 (E.D. Cal. Apr. 1, 2013) ......................................................... 10

*Izenberg v. ETS Services, LLC*,
    589 F.Supp.2d 1193 (C.D. Cal. 2008) .................................................................. 13

*Khoury v. Maly's of California*,
    14 Cal.App.4th 612 (1993) ...................................................................................... 9

*Levy v. JP Morgan Chase*,
    No. 10-01493, 2010 WL 4641033 (S.D. Cal. Nov. 5, 2010) ............................... 4, 8

*Lopez v. Washington Mut. Bank, F.A.*,
    2010 WL 1558938 (E.D. Cal. Apr. 19, 2010) ....................................................... 11

*Madden v. Kaiser Foundation Hospitals*,
    17 Cal.3d 699 (1976) .............................................................................................. 6

*Maguca v. Aurora Loan Services*,
    2009 WL 3467750 (C.D. Cal. Oct. 28, 2009) ......................................................... 6

*Majano v. Specialized Loan Servicing, LLC*,
    No. 222CV07156ODWSKX, 2023 WL 2918729 (C.D. Cal. Apr. 12, 2023) ...... 6, 13

*McGaughey v. PNP Mgmt. Servs., VII, LLC*,
    2019 WL 7938448 (C.D. Cal. Nov. 12, 2019) ........................................................ 5

*Nool v. Homeq Servicing*,
    2009 WL 2905745 (E.D. Cal. 2009) ....................................................................... 9

*Nyingifa v. Specialized Loan Servicing*,
    2022 WL 2125145 (C.D. Cal. Mar. 7, 2022) ........................................ 9, 10, 11, 12

*Perdue v. Crocker National Bank*,
    38 Cal.3d 913 (1985) .............................................................................................. 5

*Santana v. BSI Fin. Servs., Inc.*,
    495 F.Supp.3d 926 (S.D. Cal. 2020) .................................................................... 4, 8

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- iii -        CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

*Silvas v. E*Trade Mortg. Corp.*,
   421 F.Supp.2d 1315 (S.D. Cal. 2006) *aff'd*, 514 F.3d 1001 (9th Cir. 2008)..........................11

*Silvas v. E*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008)....................................................................................10

*Smith v. City and County of San Francisco*,
   225 Cal.App.3d 38 (1990)...............................................................................................8

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   93 Cal.App.4th 700 .........................................................................................................9

*Storek v. Storek, Inc. v. Citicorp Real Estate, Inc.*,
   100 Cal.App.4th 44 (2002)..............................................................................................9

*Supriyanto v. Bank of New York Mellon*,
   2022 WL 1843132 (C.D. Cal. Apr. 4, 2022) ................................................................10

*Third Story Music, Inc. v. Waits*,
   41 Cal.App.4th 798 (1995)..............................................................................................8

*Vargas-Ramos v. Specialized Loan Servicing LLC*,
   No. CV2205443MWFJCX, 2022 WL 18397505 (C.D. Cal. Sept. 21, 2022) ................6, 10

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir.2003).......................................................................................11

*Viera v. Bank of New York Mellon as Trustee for Certificate Holders of Cwalt*,
   *Inc.*, 2018 WL 4964545 (D.R.I. Oct. 12, 2018) ...........................................................7

*Walker v. Bayview Loan Servicing, LLC*,
   2020 WL 3103798 (N.D. Cal. June 11, 2020) ...............................................................7

*Zlotnik v. U.S. Bancorp*,
   2009 WL 5178030 (N.D. Cal. Dec. 22, 2009) ..............................................................10

**Statutes**

15 U.S.C.
   § 1640(3)  ......................................................................................................................10
   § 1640(e) .........................................................................................................................6
   § 1641(g) ........................................................................................................................10
   § 1692k(d) ......................................................................................................................13

Bus. & Prof. Code
   § 17200.........................................................................................................9, 10, 11, 12

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- iv -                     CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

Civ. Code

§ 1788.30 ................................................................................................................ 13
§ 2923.5 .................................................................................................................... 4
§ 2923.55 .................................................................................................................. 4

**Other Authorities**

12 C.F.R.

§ 1026.41 ......................................................... 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12
§ 1026.41(a)(2) ........................................................................................................ 6
§ 1026.41(b) ............................................................................................................. 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Real Time Resolutions, Inc. ("Real Time") and RRA CP Opportunity Trust 2, (collectively "Defendants"), submit the following in support of their Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6).

## I. INTRODUCTION.

Despite being given leave to amend, Plaintiffs Lino Alphonso and Angelina A. Guieb-Alphonso ("Plaintiffs") fail to state sufficient facts in support of their claims relating to their severely delinquent loan. Plaintiff Lino Alphonso obtained the loan in 2007, and foreclosure proceedings began after the Loan matured on February 1, 2022, and was not satisfied. Plaintiffs allege that they did not receive monthly periodic statements on their Loan, in violation of 12 C.F.R. § 1026.41. However, the Loan matured on February 1, 2022, and the obligations to send billing statements ceased at that time. This Court previously found the 12 C.F.R. § 1026.41 claim was barred by the one-year limitations period as Plaintiffs did not file their Complaint until March 23, 2023. This remains the case in their First Amended Complaint ("FAC"). While the Court denied Defendants' prior Motion to Dismiss Plaintiffs' claim for a violation of Business and Professions Code Section 17200 *et seq.*, Defendants submit authority that the claim is alleged only under its "unlawful" prong, and it fails because the underlying statutory violation is time barred. Plaintiffs' claim that Defendants did not "validate" the loan in 2018 when Real Time contacted them about their Loan also remains time barred, as this Court previously found. Furthermore, the facts pleaded as to "validation" of the loan fail for lack of a sufficiently pleaded violation of any portion of any statute or contract. For these, and the other reasons addressed herein, Defendants respectfully request this Court again grant the Motion to Dismiss as to the claims for a violation of 12 C.F.R. § 1026.41, a violation of the RFDCPA, and breach of the covenant of good faith and fair dealing, without leave to amend.

## II. FACTUAL BACKGROUND.

Plaintiffs are the owners of the real property located at 2735 Zinfandel Court, Antioch, California 94531 ("Property"). (FAC, par. 1.) On January 25, 2007, Plaintiff Lino Alphonso obtained a loan in the amount of $170,000.00 from GMAC Mortgage, LLC f/k/a GMAC Mortgage

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 1 -                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

Corporation ("GMAC Mortgage") that was secured by the Property ("Loan").  (FAC, par. 8.)  Both Mr. Alphonso and Angelina A. Guieb-Alphonso executed the Closed End Deed of Trust, which was recorded on January 31, 2007, in the official records of Contra Costa County, as Doc. No. 2007-0030021 ("Deed of Trust"). (FAC, par. 8 and Exs. "A", "B".)   Mortgage Electronic Registrations Systems, Inc. ("MERS") was the original beneficiary of the Deed of Trust acting as nominee for the original lender and its successors and assigns.  (FAC, par. 8 and Ex. "A".)  The Deed of Trust states the indebtedness was to be paid on or by February 1, 2022.  (FAC, par. 14 and Ex. "B".)

Plaintiffs allege that Real Time sent Mr. Alphonso a letter dated September 26, 2018 stating Real Time was servicing the loan, the Loan was delinquent, and there may be available foreclosure alternatives.  (FAC, par. 20 and Ex. "F".)  Plaintiffs allege at that point they "reached out to RTR to find out about the loan," and "RTR refused to validate the loan."  (FAC, pars. 21-22.)

Plaintiffs complain that they did not receive periodic statements through the loan period, and "operated with the belief that they had paid off the said loan." (FAC, par. 15.)  Plaintiffs state they received a statement from Real Time in May 2022 indicating the total amount due was $393,509.46. (FAC, par. 15.)  Plaintiffs allege they attempted to "verify the loan," but "RTR refused."  (FAC, par. 16.)

On July 13, 2022, an Assignment of Deed of Trust was recorded on the Property reflecting that it was assigned by MERS to RRA CP Opportunity Trust 2. (FAC, par. 10 and Ex. "C".)  On November 21, 2022, a Substitution of Trustee was recorded reflecting MTC Financial Inc dba Trustee Corps. was substituted as trustee under the Deed of Trust. (FAC, par. 11 and Ex. "D".)

Due to Mr. Alphonso's default on the Loan, Real Time caused a Notice of Default to be recorded on the Property on November 21, 2022.  (FAC, par. 17 and Ex. "E").  The Notice of Default reflects as of November 18, 2022, the Loan was in default in the amount of $403,909.16. (FAC, Ex. "E".)

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

Plaintiffs allege that Mr. Alphonso "was not available to follow up with RTR because he had brain surgery and did not have the ability to discuss the loan." (FAC, par. 23.) They allege that Ms. Guib-Alphonso "reached out to Defendant," but Real Time "refused to validate or discuss the loan stating that Ms. Alphonso is not the main borrower." (FAC, par. 23.)

### III.   <u>PROCEDURAL BACKGROUND.</u>

Plaintiffs filed the Complaint in this case on March 17, 2023, in the Superior Court for the State of California, Contra Costa County. Defendants removed the case on March 29, 2023, 2023.

On April 13, 2023, this Court granted Plaintiffs' Ex Parte Application for a Temporary Restraining order, temporarily enjoining the scheduled trustee's sale of the Property. The Court found Plaintiffs established a likelihood of irreparable harm, and "questions going to the merits of at least their first claim." The Court found Plaintiffs' allegation that statements were not sent, was not appropriate to resolve at the temporary restraining order stage. The Court requested the parties propose a stipulated schedule for a motion for preliminary injunction.

On June 2, 2023. This Court entered an Order Re: Motion to Dismiss granting, in part, and denying, in part, Real Time's Motion to Dismiss. (Dkt. 29.) The Court found Plaintiffs' claim for a violation 12 C.F.R. § 1026.41, the alleged failure to send periodic statements, was time barred. (*See* Dkt. 29, pp. 4-6.) The Court stated that the Deed of Trust "indicates all amounts owed would become due on February 1, 2022," and "after that, the loan had no further 'billing cycles' and therefore no period statements were required." The Court found that the latest violation of section 1026.41 thus would have been in February 2022. Plaintiffs, however, did not file suit until March 2023. Thus the claim was barred by the statutes one year limitations period. The Court found Plaintiffs did not plead facts of equitable tolling because the "complaint indicates Plaintiffs knew the loan existed because they were ready to make payments, and received a letter from Real Time Resolutions about a delinquent mortgage." (Citing Complaint, pars. 9, 15.) Equitable estoppel also did not act to halt the limitations period as Plaintiff did not allege any "active conduct above and beyond the Section 1026.41" which prevented Plaintiffs from suing in time.

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -                    CASE NO.: 3:23-cv-01488-JSC
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
4865-0187-3005.2

The Court also found Plaintiff's claim for a breach of the implied covenant failed.  (*See* Dkt. 29, pp. 6-7.)  Plaintiffs asserted that Defendants hindered Plaintiffs' performance by the alleged failure to send periodic statements.  Reliance on section 1026.41 did not support the claim because that is not "a benefit conferred by the contract." (Citing *Levy v. JP Morgan Chase*, No. 10-01493, 2010 WL 4641033, at *3 (S.D. Cal. Nov. 5, 2010).)  Plaintiffs also pointed to Paragraph 9 of the Note, however that purported provision was "not alleged in or attached to the contract," and thus did not "plausibly entitle Plaintiffs to relief under an implied covenant theory." (Citing *Santana v. BSI Fin. Servs., Inc.,* 495 F.Supp.3d 926, 945 (S.D. Cal. 2020).)

The Court denied the Motion to Dismiss as to the UCL claim stating that while the section 1026.41 cause of action was time barred, it could still be the basis for the UCL claim which was not time barred.  (Dkt. 29, p. 7.)  The Court found the claim for a violation of Civil Code Section 2923.5 failed, as that Section is inapplicable to second liens, as is at issue in this case.  (Dkt. 29, p. 8.) On the RFDCPA claim, the Court found it was time barred as the only alleged violation was a purported refusal to validate the loan in 2018.  (Dkt. 29, p. 8.)

Plaintiffs filed their FAC on June 22, 2023 removing their cause of action for a violation of Civil Code section 2923.55.

## IV.  ARGUMENT: THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion. . .

> (6)   failure to state a claim upon which relief can be granted,. . .  A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.   (*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).)  Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy.  (*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).)  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."  (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).)

To base an action on violation of statute, the relevant terms of the statute must be alleged. (*Brown v. Southern Calif. Edison Co.,* 12 Cal.App. 102, 104 (1932); *Brotemarkle v. Snyder,* 99 Cal.App.2d 388, 390 (1950).)   A party claiming conduct violated statutes must allege with "reasonable particularity" facts supporting the statutory elements of the violations.  (*Perdue v. Crocker National Bank,* 38 Cal.3d 913, 929 (1985).)   A person challenging a nonjudicial foreclosure "has the burden of pleading and proof at trial of improper procedure and consequent prejudice." (*Anderson v. Heart Federal Savings and Loan Assn.,* 208 Cal.App.3d 202, 209 (1989).) Plaintiffs have not alleged sufficient facts supporting any claim for relief, subjecting the Complaint to dismissal for failure to state a claim under Rule 12(b)(6).

**A.**   **Plaintiffs' First Claim for a Violation of 12 C.F.R. § 1026.41 Fails to State a Claim.**

Plaintiffs claim they "never received any statements throughout the life of the Loan which matured in February 2022," purportedly in violation of 12 C.F.R. § 1026.41.  (FAC, par. 33.)  This Court previously granted Defendants' Motion to Dismiss as to this claim finding it was time barred. (Dkt. 29, 00. 4-6.)  This is still the case in the FAC.

**(i)**   **Plaintiffs' Claim for a Violation of 12 C.F.R. § 1026.41 Fails Because Is Time Barred.**

A claim for a violation of 12 C.F.R. § 1026.41 is barred by the one-year limitations period, as the obligations under the section ceased on February 1, 2022, and Plaintiffs did not file the Complaint until March 2023.   "A plaintiff must file suit within one year from the "date of occurrence" of an alleged TILA violation."  (*McGaughey v. PNP Mgmt.* Servs., VII, LLC, 2019

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 5 -   CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

WL 7938448, at *2 (C.D. Cal. Nov. 12, 2019), citing 15 U.S.C. § 1640(e); *see also Maguca v. Aurora Loan Services,* 2009 WL 3467750, *1 (C.D. Cal. Oct. 28, 2009), finding "An action for damages under TILA generally must be brought within one year of the alleged violation").  In *Vargas-Ramos v. Specialized Loan Servicing LLC*, No. CV2205443MWFJCX, 2022 WL 18397505, at *3-*4 (C.D. Cal. Sept. 21, 2022), the Court recognized that a one-year statute of limitations period applies to a claim a plaintiff did not receive monthly mortgage statements in violation of 12 C.F.R. § 1026.41. (*See also Majano v. Specialized Loan Servicing, LLC,* No. 222CV07156ODWSKX, 2023 WL 2918729, at *3 (C.D. Cal. Apr. 12, 2023) (same).)

Section 12 C.F.R. § 1026.41 requires loan servicers to provide consumers with periodic statements for "each billing cycle" of their loan.  (12 C.F.R. § 1026.41(a)(2) and (b).)  The loan at issue here matured on February 1, 2022, thus there were no longer any billing cycles of the loan after that point.  (*See* Deed of Trust, FAC, Ex. "A", p. 1.)  As this Court recognized in granting Defendants' Motion to Dismiss this claim, the Deed of Trust "indicates all amounts owed would become due on February 1, 2022," and "after that, the loan had no further 'billing cycles' and therefore no period statements were required."  The latest violation of Section 1026.41 thus would have been in February 2022.  Plaintiffs did not file the Complaint in this case until March 17, 2023, more than one year beyond the obligations required by 12 C.F.R. § 1026.41.  (*See Majano*, 2024 WL 2918729, at *3, the limitations period "runs from the date of the occurrence of the violation.")

This Court also found no basis for tolling was pleaded as the "complaint indicates Plaintiffs knew the loan existed because they were ready to make payments, and received a letter from Real Time Resolutions about a delinquent mortgage."  (Dkt. 29, pp. 4-6, citing Complaint, pars. 9, 15.) Plaintiffs may not claim they were unaware of the loan or the maturity date because they executed the Deed of Trust in 2007.  (Deed of Trust, par. 10 and Ex. "A".)  If a party signs a document, it is presumed the person read the document and knew its contents.  (*Butler v. Stratton,* 95 Cal.App.2d 23, 28 (1949).)  A party who signs a document "cannot complain of unfamiliarity with the language of the instrument."  (*Madden v. Kaiser Foundation Hospitals,* 17 Cal.3d 699, 710 (1976).) They also allege receiving a letter dated September 26, 2018 and that they "reached out to RTR to find out about the loan," and "RTR refused to validate the loan."  (FAC, pars. 20-21 and Ex. "F".)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 6 -                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
4865-0187-3005.2

1  Knowledge of the facts rather than knowledge of the available legal theories or remedies, starts the

2  statute of limitations.  (*Gutierrez v. Mofid*, 39 Cal.3d 892, 897-898 (1985).)  Plaintiffs are charged

3  with the knowledge of the loan and the fact that it matured February 1, 2022, which date is listed

4  on the face of both the Note and Deed of Trust.  Equitable estoppel also does not act to halt the

5  limitations period as Plaintiffs did not allege any "active conduct above and beyond the Section

6  1026.41" which prevented Plaintiffs from suing in time.  (*See* Dkt. 29, pp. 5-6, citing *Cervantes v.*

7  *Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1045 (9th Cir. 2011).)  Plaintiffs do not allege facts

8  of a violation of 12 C.F.R. 1026.41 within one-year prior to filing the Complaint on March 17,

9  2023.

10           (ii)       **Plaintiffs' Claim for a Violation of 12 C.F.R. § 1026.41 Fails Because**

11                      **They Do Not Allege a Particular Injury.**

12           Plaintiffs' claim for a violation of Section 1026.41 also fails due to the failure to

13  demonstrate actual injury sustained as a result of the alleged violation.  (*See Walker v. Bayview*

14  *Loan Servicing, LLC,* 2020 WL 3103798, *3-*4 (N.D. Cal. June 11, 2020) (dismissing negligence

15  per se and contract claims premised on an alleged violation of 12 C.F.R. § 1026.41, in part, because

16  "plaintiff did not plead damages"); *Viera v. Bank of New York Mellon as Trustee for Certificate*

17  *Holders of Cwalt, Inc*., 2018 WL 4964545, *6 (D.R.I. Oct. 12, 2018) (dismissing complaint alleging

18  violations of TILA where "Plaintiff has not alleged how Defendants' failure to send monthly

19  mortgage statements has caused him any injury other than attorneys' fees and the costs of

20  prosecuting his TILA claim."); *Davidson v. PNC Bank, N.A*., 2016 WL 7179371, *2-4 (S.D. Ind.

21  Dec. 9, 2016) (dismissing TILA claim despite potentially inaccurate mortgage payoff statement

22  because no actual injury in light of prior letter with accurate information).)  Plaintiffs generally

23  claim there were "illegal fees, charges, interest," etc. (*see* FAC, par. 41).  But they do not allege

24  any facts of any particular injury resulting from a purported violation of Section 12 C.F.R. §

25  1026.41.

26  ///

27  ///

28  ///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 7 -               CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
4865-0187-3005.2

**B.      Plaintiffs' Second Claim for a Breach of the Covenant of Good Faith and Fair Dealing Fails to State a Claim.**

Plaintiffs claim, "had Defendants sent [] periodic statements by certified mail, Plaintiffs would have known about this loan."  (FAC, par. 46.)  They refer to "¶ 9 of the Note" which purportedly states, "any notice given to Plaintiffs under the Note will be given by delivering it or by mailing it by certified mail."  (FAC, par. 45.)  This claim continues to fail, as this Court previously found (*see* Dkt. 29, pp. 6-7.)

First, any reliance on Section 1026.41 fails to support this contract cause of action, because that statute is not "a benefit conferred by the contract."  (Citing *Levy v. JP Morgan Chase*, No. 10-01493, 2010 WL 4641033, at *3 (S.D. Cal. Nov. 5, 2010).)  Causes of action based in contract, "have no relation to any statutory duties which may exist."  (*Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49 (1990), holding a plaintiff could not base an implied covenant of good faith and fair dealing claim on an alleged statutory violation.)  Plaintiffs cannot base this cause of action on any claim that Defendants violated a statute, including Regulation Z.

Plaintiffs' citation to Paragraph 9 of the Note also does not indicate any contractual provision or covenant which was frustrated.  As this Court previously recognized, that purported provision is "not alleged in or attached to the contract," and thus could not "plausibly entitle Plaintiffs to relief under an implied covenant theory."  (Citing *Santana v. BSI Fin. Servs., Inc.,* 495 F.Supp.3d 926, 945 (S.D. Cal. 2020).) Paragraph 9 of the Note is not attached to the FAC, nor are its terms clearly pleaded in the body of the FAC.  Plaintiffs suggest that Paragraph 9 requires all periodic statements to be sent to them via "certified mail."  (FAC, par. 46.)  That requirement is not apparent from the Deed of Trust attached to the FAC.  Plaintiffs do not point to any language where Defendants were required to send periodic statements to them by certified mail.  Plaintiffs have not pleaded any plausible entitlement to relief under an implied covenant theory.  (*See* Dkt. 29, p. 6, citing *Santana v. BSI Fin. Srvs., Inc.*, 495 F. Supp. 3d 926, 945 (S.D. Cal. 2020).)

Beyond this, Plaintiffs may not base an attack of the foreclosure proceeding on an alleged violation of an implied covenant.  The covenant of good faith and fair dealing will never be implied so as to prohibit that which is expressly permitted under a contract.  (*Third Story Music, Inc. v.*

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

*Waits*, 41 Cal.App.4th 798, 808 (1995).)  Plaintiffs cannot assert breach of contract, or of a covenant, based on conduct expressly permitted by the agreement.  (*Storek v. Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44, 56 (2002).)  The Deed of Trust expressly permits foreclosure upon borrower's default.

### C.   Plaintiffs' Third Claim for a Violation of Business and Professions Code § 17200 *et seq*. Fails to State a Claim.

Plaintiffs claim that the alleged violation of 12 C.F.R. 1026.41 "constitutes unfair business practices in violation of California Business and Professions Code § 17200 et seq."  (FAC, par. 53.)  Business and Professions Code § 17200, *et seq*., also known as the Unfair Competition Law ("UCL"), prohibits "any unlawful, unfair or fraudulent business act or practice."   The UCL prohibits three types of business acts or practices, namely acts or practices that are (i) unlawful, (ii) unfair, or (iii) fraudulent.  (*Nyingifa v. Specialized Loan Servicing*, 2022 WL 2125145, at *2 (C.D. Cal. Mar. 7, 2022).)  The court in *Khoury v. Maly's of California,* 14 Cal.App.4th 612, 619 (1993) held a "reasonable particularity" pleading standard applies to a section 17200 claim.  This Court previously denied the Motion to Dismiss as to the UCL claim stating that while the section 1026.41 cause of action was time barred, it could still be the basis for the UCL claim which was not time barred.  (Dkt. 29, p. 7.)  Defendants respectfully submit that this claim fails as it is entirely based upon the Section 1026.41 claim which fails on the face of the FAC.

### (i)   This Claim Fails on the Face of the FAC Under the "Unlawful" Prong.

This UCL cause of action fails under the "unlawful" prong, because the underlying statutory violation is time barred.  "The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct."  (*Nool v. Homeq Servicing,* 2009 WL 2905745, *7 (E.D. Cal. 2009).)  "Unlawful" covers business acts or practices that violate any state or federal law.  (*See Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 828.)  Under Section 17200, *et seq*., a claim may be based on "borrowed" violations of other law.  (*Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal.App.4th 700,

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 9 -                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
4865-0187-3005.2

718 (2001).)  However, where the "borrowed" violation is not itself a viable claim, a UCL claim is not sustainable as a matter of law.  (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999).)

"The Ninth Circuit has disapproved of situations similar to the instant case, where a plaintiff attempts to avoid TILA's statute of limitations by alleging violations in terms of the UCL." (*See Zlotnik v. U.S. Bancorp*, 2009 WL 5178030, at *3 (N.D. Cal. Dec. 22, 2009), citing *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008) ("Appellants were too late to sue under TILA. Their end run will not do."))  A court may not allow a plaintiff to "plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."  (*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).)

In *Nyingifa*, *supra,* 2022 WL 2125145, at *3, the Court found a 17200 claim was not sufficiently pleaded under the "unlawful prong" where the underlying federal statutory violation was time barred.  At issue in that case was TILA's section 15 U.S.C. § 1640(3) which states: "any action under this section may be brought ... within one year from the date of the occurrence of the violation." (*Nyingifa*, 2022 WL 2125145, at *3.)  The Court noted the plaintiff in *Nyingifa* had until September 6, 2020, to initiate an action against Defendants under Section 1641(g).  (*Id.*)  However, the plaintiff's lawsuit was filed about one year after the statute of limitations had already run, on August 31, 2021.  (*Id.*)  The *Nyingifa* Court found, "Plaintiff has not adequately pled a violation of the 'unlawful' prong of the UCL, to the extent that such a violation depends on violation of 15 U.S.C. § 1641(g)." (*Id.*)

Other decisions are in accord.  (*Zlotnik*, *supra,* 2009 WL 5178030, at *4 (N.D. Cal. Dec. 22, 2009), "Any underlying TILA claims are time-barred, and thus plaintiffs' UCL claim based on TILA violations likewise fails"; *Supriyanto v. Bank of New York Mellon*, 2022 WL 1843132, at *6 (C.D. Cal. Apr. 4, 2022), finding Plaintiffs' § 1026.41 claim was time barred, and the UCL claim failed as it was "wholly derivative" of that claim; *Vargas-Ramos v. Specialized Loan Servicing LLC*, 2022 WL 18397505, at *7 (C.D. Cal. Sept. 21, 2022), stating "It appears to the Court that Plaintiff has essentially tried to circumvent TILA's statute of limitations by styling his failure to notify claim as a UCL "unfair" claim, rather than as a TILA/UCL "unlawful" claim"; *Irving v.*

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 10 -            CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

*Lennar Corp.*, 2013 WL 1308712, at *15 (E.D. Cal. Apr. 1, 2013), "As plaintiffs have not adequately pleaded that their ILSA claim is timely, their UCL claim based on unlawfulness is similarly not adequately pleaded."; *Silvas v. E*Trade Mortg. Corp.*, 421 F.Supp.2d 1315, 1320 (S.D. Cal. 2006) *aff'd*, 514 F.3d 1001 (9th Cir. 2008), "[T]his is an attempt to use California's UCL to regulate Defendant's lending activities, to secure damages under state law for alleged TILA violations when a federal cause of action is no longer available. The application of the UCL to Defendant as a federal thrift is therefore, in this instance, preempted."; *Lopez v. Washington Mut. Bank, F.A.*, 2010 WL 1558938, at *6 (E.D. Cal. Apr. 19, 2010), "Because Plaintiff's TILA claim is barred, Plaintiff cannot base his Section 17200 claim on a violation of TILA.")

In this case, Plaintiffs allege that the UCL "borrows violations from other statutes and laws and makes them unlawful to engage in as a business practice." (FAC, par. 52.) They allege "Defendants Violation of 12 C.F.R. § 1026.41 constitutes unfair business practices in violation of [the UCL]." (FAC, par. 53.) As in *Nyingifa*, and the multiple authorities above, they may not circumvent the TILA limitations period and plead this UCL claim under the unlawful prong based upon the federal statutory claim which is time barred.

**(ii)    This Claim Fails on the Face of the FAC Under the "Fraudulent" Prong.**

To plead a section 17200 claim based on "fraudulent" conduct, a plaintiff must plead facts indicating what alleged representations were made and how public is likely to be deceived by those statements. (*Bardin v. Daimler Chrysler Corporation* (2006) 136 Cal.App.4th 1255, 1274-1275.) Allegations of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). (*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir.2003).) Plaintiffs only mention "fraud" in the context of claiming that the conduct alleged in the FAC "constitutes unlawful, unfair and/or fraudulent business practices." (FAC, par. 51.) This Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).) Plaintiffs do not allege facts of any misrepresentations, let alone how the public is likely to be deceived by those purported statements. This claim fails under the "fraudulent" prong.

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 11 -                 CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

1    **(iii)    This Claim Fails on the Face of the FAC Under the "Unfair" Prong.**

2    Where a plaintiff claims an unfair act or practice, a plaintiff must demonstrate the

3    defendant's "conduct is tethered to an ( ) underlying constitutional, statutory or regulatory

4    provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit

5    of an antitrust law." (*Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1366 (2010).)  It is not

6    enough to allege the act violates public policy or is immoral, unethical, oppressive or unscrupulous.

7    (*Id*. at 1365.)

8    Plaintiffs claim that Defendants' conduct was "unfair" as it violated section 1026.41. (FAC,

9    par. 53.)  Reliance on that statute, however, implicates the "unlawful" prong, as addressed above.

10   As in *Nyingifa*, 2022 WL 2125145, at *3, a 17200 claim is not sufficiently pleaded under the

11   "unlawful prong" where the underlying federal statutory violation was time barred.  Plaintiffs also

12   complain the conduct was "unfair" because it "interfered with Plaintiffs' ability to receive any

13   benefits of the Contract and thereby breached the covenant of good faith and fair dealing." (FAC,

14   pars. 57, *see also* par. 54 referring to ¶ 9 of the Note).  This allegation appears to rely on their

15   implied covenant claim.  That fails as addressed above, as Plaintiffs do not identify any contractual

16   provision or covenant purportedly violated by Defendants.  Also, Plaintiffs cannot allege that the

17   servicing of this particular contractual obligation offends a public policy tethered to any underlying

18   constitutional, statutory or regulatory provision.  (*See Durell,* 183 Cal.App.4th at 1366.)

19   **D.    Plaintiffs' Fourth Claim for a Violation of the RFDCPA Fails to State a Claim.**

20   Plaintiffs claim that Real Time "refused to validate the loan with Plaintiffs" after Plaintiffs

21   reached out to Real Time to find out about the loan when receiving a September 26, 2018, letter

22   from Real Time about the Loan. (FAC, pars. 20-21, 64 and Ex. "F".)  They also claim they "reached

23   out again to Defendant RTR" after receiving a Notice of Default in November 2022, and

24   "Defendant RTR rather than discuss the loan and validate the loan, told Plaintiff Mrs. Alphonso

25   that they should either pay off the whole amount…or face losing their home." (FAC, par. 65.)

26   **(i)    This Claim Is Time Barred to the Extent Based on Conduct in 2018.**

27   This Court previously found the RFDCPA claim was time barred, as the only alleged

28   violation was a purported refusal to validate the loan in 2018. (Dkt. 29, p. 8.)  In the FAC, Plaintiffs

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 12 -                    CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

1    continue to claim that there was a "refusal" to validate the loan after Plaintiffs contacted Defendants

2    following the September 26, 2018 letter about the loan.  (FAC, pars. 20-21, 64.)  This alleged

3    conduct is outside of the one-year limitations period prior to filing the Complaint on May 17, 2023.

4    (15 U.S.C. § 1692k(d); Civ. Code § 1788.30.)  This claim is time barred to the extent it is based on

5    conduct in 2018.

6              (ii)      **Plaintiffs Fail to State Facts of a Violation of Any Portion of the**

7                        **RFDCPA.**

8              To the extent Plaintiffs base this claim of an alleged "failure to validate" the loan in 2022,

9    the FAC is fatally lacking in facts of any violation of any portion of the RFDCPA. (*See Izenberg v.*

10   *ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008) ("Plaintiffs do not identify the

11   sections of the RFDCPA," and "thus, ETS's motion to dismiss this claim must also be granted.");

12   *Ines v. Countrywide Home Loans*, 2008 WL 4791863, *3 (S.D. Cal. Nov. 3, 2008) ("The Court

13   finds that the Complaint arises out of the allegedly unlawful foreclosure on Plaintiff's property

14   pursuant to a deed of trust, which does not fall within the meaning of the RFDCPA or the FDCPA");

15   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of

16   action, supported by mere conclusory statements, do not suffice."); *see  Majano*, 2023 WL 2918729

17   at *3 (dismissing RFDCPA claim stating "Majano's allegations are vague, not chronological, and

18   difficult to decipher. As such, Majano fails to provide Defendants with sufficient notice of the

19   nature of his claim.").

20             Plaintiffs here allege that they "reached out again to Defendant RTR" after receiving a

21   Notice of Default in November 2022, and "Defendant RTR rather than discuss the loan and validate

22   the loan, told Plaintiff Mrs. Alphonso that they should either pay off the whole amount…or face

23   losing their home."  (FAC, par. 65.)  This is vague, and no particular portion of the RFDCPA is

24   alleged to have been violated.  Defendants are not on sufficient notice as to the nature of the claimed

25   statutory violation.  (*See Majano*, 2023 WL 2918729 at *3.)  Absent particular facts of a violation

26   of a particular portion of the RFDCPA, this cause of action fails on the face of the FAC.

27   ///

28   ///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 13 -          CASE NO.: 3:23-cv-01488-JSC

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4865-0187-3005.2

1  **V.      CONCLUSION.**

2          Defendants respectfully request this Court grant this Motion to Dismiss, without leave to

3  amend.

4

5  Dated:   July 6, 2023                          KUTAK ROCK LLP

6

7                                         By:   _/s/ Brian J. Wagner_

8                                              Brian J. Wagner
                                               Attorney for Defendants
9                                              REAL TIME RESOLUTIONS, INC. and
                                               RRA CP OPPORTUNITY TRUST 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 14 -                          CASE NO.: 3:23-cv-01488-JSC
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
4865-0187-3005.2